(November 7, 1913.)

THOMAS MELLEN, Appellant, v. JOHN H. GARRETT
et al., Respondents.

[136 Pac. 437.]

PROMISSORY NOTE—MORTGAGE—ASSIGNMENT OF—COLLATERAL SECURITY
—TITLE TO NOTE.

1.   Where G. held the promissory note of T. and wife for $3,000
and a mortgage to secure the payment of the same, and thereafter
hypothecated them for the payment of a debt of $602.44, and
delivered such note and mortgage to the bank as collateral security,
and thereafter made an assignment of such note and mortgage to
M. to secure the payment of borrowed money from him, and there-
after, while such note and mortgage were in the hands of the bank,
G. made an assignment of whatever interest he had in said note
and mortgage to M. and S. on an agreement that they pay G.'s
indebtedness to the bank, and M. thereafter brought an action to
foreclose said mortgage, in which action M. and S. intervene and
claim to be the owners of said note and mortgage and ask in their
complaint in intervention to have said mortgage foreclosed on their
behalf, *held,* that the court erred in holding that M. and S. were
the absolute owners of said note and mortgage and in giving them
a judgment and decree foreclosing the mortgage.

2.   *Held,* that M. and S. were not the owners of said note and
mortgage, but held the same as collateral security for the balance
due on the debt for which they were hypothecated.

3.   *Held,* that G.'s equity in said note and mortgage was as-
signed to M., and that M. was entitled to recover on said note and
mortgage the balance remaining after paying the debt for which
said note and mortgage were hypothecated to the bank.

APPEAL from the District Court of the Fourth Judicial
District, in and for Elmore County. Hon. Edward A.
Walters, Judge.

Action to foreclose a mortgage. Judgment for intervenors.
*Reversed.*

J. G. Watts, for Appellant.

"The assignment may be complete without manual delivery
of the securities if the fact of the assignment and the in-

tention of the assignor to transfer the ownership and control of them are fully established." (27 Cyc. 1285.)

An assignment of a bond and mortgage for a presently paid consideration, executed under seal, duly acknowledged and delivered for the purpose of pledging the bond and mortgage as security for the payment of a debt, is an effectual pledge, although manual delivery of the bond and mortgage may not have been made. (*Mott v. Newark German Hospital,* 55 N. J. Eq. 722, 37 Atl. 757; *Hilton v. Woodman's Estate,* 124 Mich. 326, 82 N. W. 1056; *Aldridge v. Weems,* 2 Gill & J. (Md.) 36, 19 Am. Dec. 250.)

The possession of the note and mortgage by the intervenors is unexplained. The mere possession of a note and mortgage securing the same by a person other than the payee (and mortgagee) to whom the note was payable, the same being unindorsed, is not evidence of title in such person. (*Bausman v. Kelley,* 38 Minn. 197, 8 Am. St. 661, 36 N. W. 333. See, also, *Bilderback v. McConnell,* 48 Mich. 345, 12 N. W. 195.) In *Craig v. Palo Alto Stock Farm,* 16 Ida. 701, 102 Pac. 393, and *Home Land Co. v. Osborn,* 19 Ida. 95, 112 Pac. 764, the possession was fully explained.

E. M. Wolfe, W. L. Harvey and Cavanah, Blake & Mac-Lane, for Respondents.

Our clients had possession of a negotiable instrument. They acquired such possession before the instrument became overdue. It was conceded that the amount due on the instrument had not been paid, and the testimony of the intervenors' witness also showed that fact. Being in possession of the instrument, the law presumed that our clients were the owners of it. Having been indorsed by the original payee in blank, it became an instrument payable to the bearer, as provided in sec. 3466, Rev. Codes. The law further presumed our clients to be holders in due course as provided in sec. 3516, Rev. Codes. Upon these presumptions which the law gave us we stood at the trial. If there was any question about the title of our clients to the instrument it was purely a matter of defense. (*Craig v. Palo Alto Stock Farm,* 16

Ida. 701, 102 Pac. 393; *Home Land Co. v. Osborn,* 19 Ida. 95, 112 Pac. 764; *Richards Trust Co. v. Rhomberg,* 19 S. D. 595, 104 N. W. 268; *Murphy v. Barnard,* 162 Mass. 72, 44 Am. St. 340, 38 N. E. 29; *Kitchin's Appeal,* 196 Pa. 321, 46 Atl. 418; *Porter v. King,* 1 Fed. 755.)

One buying a mortgage from a person not in possession of either the note or mortgage must exercise more than ordinary diligence to ascertain who is in possession of the note and mortgage. (*Richards Trust Co. v. Rhomberg,* 19 S. D. 595, 104 N. W. 268; *Murphy v. Barnard,* 162 Mass. 72, 44 Am. St. 340, 38 N. E. 29; *Kitchin's Appeal,* 196 Pa. 321, 46 Atl. 418; *Porter v. King,* 1 Fed. 755.)

SULLIVAN, J., on Rehearing.—This case was decided by this court on May 8, 1913, and the judgment of the district court affirmed. A rehearing was thereafter granted and the following are the conclusions of the court on rehearing, and this opinion will supersede the former opinion:

This action was brought by the appellant Mellen to foreclose a mortgage against the respondents Hall and Childs and wife. It is alleged in the complaint that on the fourth of June, 1907, John H. Garrett, one of the defendants, borrowed from the appellant Mellen the sum of $2,000 and gave as security therefor a written assignment of a note and mortgage for $3,000 executed by Elisha B. Turner and wife. After the execution of said mortgage, Turner sold the mortgaged premises to Hall and Childs and they assumed and agreed to pay the mortgage. Before the trial of the case, Benjamin Moyses and Charles B. Smith intervened and filed an answer and cross-complaint, in which they claimed to be the owners and in the possession of the note and mortgage in controversy.

It appears from the evidence that the appellant had loaned Garrett $2,000 and had taken a written assignment of the Turner note and mortgage as security; that he had immediately placed said assignment on record in the office of the county recorder of Elmore county, but has never had the actual possession of said note and mortgage. It also appears that

Garrett was owing the Citizens' State Bank of Mountain-home a considerable sum of money; that his indebtedness to the bank was in the form of notes and overdrafts and that he always kept a large amount of collateral and other security on deposit in that bank to secure the payment of his notes and overdrafts; that the note and mortgage sued on had been hypothecated for a part of that specified indebtedness to the extent of $602.44. On the back of said promissory note is the following indorsement:

"I hereby assign the within note together with the mortgage securing the same to the Citizens' State Bank as security for $602.44 this day borrowed as evidenced by the annexed note.

"Dated May 6, 1907.

"[Signed]   JOHN H. GARRETT."

Smith and Moyses, intervenors, had agreed with Garrett to pay his indebtedness and the indebtedness of the Great Western Beet Sugar Co. to the bank, and the securities of whatever nature and description deposited by Garrett in said bank, upon the payment of said indebtedness to the bank, were to be turned over to Smith and Moyses. At the time appellant loaned Garrett $2,000 and took an assignment as collateral security of said notes and mortgage, he had not obtained possession of either the note or the mortgage, and had not obtained such possession up to the time of the trial of this case in the district court. Garrett had informed him that they were in the Citizens' State Bank, but the appellant was in a hurry the day he loaned the $2,000 to Garrett and failed to call and get them and he never did call for them. It appears that upon the payment by the intervenors of Garrett's indebtedness to the bank, the bank turned over to them said note and mortgage with other securities that Garrett had left with the bank, and that Smith and Moyses have had possession of them ever since.

It clearly appears from the record that said note and mortgage of $3,000 were hypothecated for the payment of $602.44 only, and the interest arising thereon, and that Moyses and Smith by the assignment of the bank only ob-

tained said note and mortgage as security for the payment of said $602.44 indebtedness and no more. Since they stepped into the shoes of the bank, so far as said security was concerned, they were entitled to hold said note and mortgage for the security of the payment of said $602.44 and interest, the sum for which said $3,000 note was hypothecated to the bank, and no more.

The trial court therefore erred in holding that said intervenors, Moyses and Smith, were the owners of said $3,000 note and mortgage. The judgment is therefore reversed and the cause remanded, with instructions to the trial court to make findings of fact and enter judgment in favor of Moyses and Smith for whatever amount the court may find due them on the $602.44 indebtedness, for the payment of which said $3,000 note was hypothecated to the Citizens' State Bank; and in favor of Mellen for the balance due on said $3,000 promissory note, and to enter a decree of foreclosure directing the property covered by said mortgage to be sold as provided by law, and that the sheriff or officer making the sale distribute the proceeds of such sale as follows: (1) Pay all legal costs of this action and the sale of said property under the foreclosure decree; (2) pay to Moyses and Smith the balance due them on the $602.44 debt with interest, for which they hold said note and mortgage as security; (3) pay the balance due to the appellant Mellen.

Costs of this appeal awarded to the appellant Mellen.

Ailshie, C. J., and Stewart, J., concur.

ON MOTION TO MODIFY DECISION.

(November 25, 1913.)

SULLIVAN, J.—There has been a motion filed by the attorney for defendant Hall to modify the decision of this court in this case. The motion is based on the findings of the lower court to the effect that George Hall and C. C.

Childs and wife were always ready, willing and able to pay the mortgage referred to in the original opinion, but that they did not know to whom payment should be made; and counsel further suggests that all of the costs in this case have been brought about because of the contention between the plaintiff Mellen and the defendants Moyses and Smith as to the ownership of said note and mortgage, and contends that the costs of that suit should be borne by the loser and not by said defendants Hall and Childs.

Had the defendants Hall and Childs desired to relieve themselves from further liability as to costs, when this suit was brought they ought to have paid the money into the court to abide the result of the contest between Mellen, Moyses and Smith. It is true, the main contention in this case has been between Mellen, Moyses and Smith as to the ownership of said note and mortgage, and therefore the costs of appeal are awarded against Moyses and Smith. Since the cause must be remanded, the trial court will see that the costs of the trial and the attorneys' fees are properly and equitably adjusted.

Ailshie, C. J., and Stewart, J., concur.